UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACTION ALLIANCE OF SENIOR CITIZENS OF GREATER PHILADELPHIA, a Non-profit Philadelphia corporation, Individually and on behalf of all Others similarly situated, | : : : : : : | IN RE NAPRELAN ANTITRUST LITIGATION No. 02-cv-2095 |
| Plaintiff, | : : | |
| v. | : : | |
| ELAN CORPORATION, PLC and SKYEPHARMA, INC. f/k/a BRIGHTSTONE PHARMA, INC., | : : : : | |
| Defendants. | : : | |

| | |
|---|---|
| JEANINE MICHELLE WEBER, Individually and on behalf of all Others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| ELAN CORPORATION, PLC and SKYEPHARMA, INC. f/k/a BRIGHTSTONE PHARMA, INC., | : : : : |
| Defendants. | : : |

```
_____
CHARLES D. FREDERICKS, JR.,        :
On behalf of himself and all Others :
Similarly Situated,                :
                                   :
                Plaintiff,         :
                                   :
        v.                         :
                                   :
ELAN CORPORATION, PLC and          :
SKYEPHARMA, INC. f/k/a             :
BRIGHTSTONE PHARMA, INC.,          :
                                   :
                Defendants.        :
_____:
```

## PLAINTIFFS' JOINT MOTION FOR CLASS CERTIFICATION

1.  Plaintiffs bring this action under Fed. R. Civ. P. 23(b)(2), with respect to declaratory and equitable relief, and Fed. R. Civ. P. 23(b)(3), with respect to the damages, as a representative of the Class defined as follows:

> All persons or entities throughout the United States and its territories who purchased and/or paid for Naprelan, not for resale, at any time during the period from January 5, 2001, to the present.

2.  Plaintiffs also seek certification of a subclass of persons who live in Illinois-Brick repealer states. This subclass consists of end-payors who purchased or paid for Naprelan in Arizona, California, District of Columbia, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Vermont, Wisconsin (the "Indirect Purchaser States") (the "Indirect Purchaser Sub-Class"). This subclass alleges violations of state antitrust and

consumer fraud statutes. Excluded from the Class are all governmental entities and the defendants and their respective subsidiaries and affiliates.

3.     More than one million Americans have purchased Naprelan. Thus members of the Class are numerous and joinder is impracticable. The Class members are identifiable, *inter alia*, from information and records maintained by pharmacies, drugstores and managed care organizations.

4.     Questions of law and fact common to the Class include:

(a)    whether Defendants have monopolized and attempted to monopolize the market for Naprelan and generic bioequivalents to Naprelan;

(b)    whether Defendants intentionally and unlawfully excluded competitors and potential competitors from the market for controlled-release naproxen;

(c)    whether, and to what extent, the conduct of Defendants caused injury to the business or property of Plaintiffs and the Class and, if so, the appropriate measure of damages; and

(d)    whether Plaintiffs and members of the Class are entitled to declaratory, equitable and/or injunctive relief.

5.     Plaintiffs' claims are typical of the members of the Class, in that Plaintiffs purchased and/or paid for Naprelan throughout the United States during the Class Period. Such purchases and payments were made for

consumer consumption of Naprelan. Plaintiffs and all members of the Class were damaged by the same wrongful conduct of the Defendants.

6. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiffs are coincident with, and not antagonistic to, those of the Class.

7. In addition, Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

8. Questions of law and fact common to the members of the Class predominate over questions, if any, that may affect only individual members, in part because Defendants have acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole. Such conduct is defendant Elan's exclusionary and anticompetitive efforts to defraud the Food and Drug Administration and Patent and Trademark Office, and file serial sham litigation for the sole purpose of monopolizing and attempting to monopolize the market for Naprelan and generic bioequivalents of Naprelan, as hereinabove alleged, as well as defendant Elan's and defendant Skyepharma's collusion in "settling" their patent dispute in an anticompetitive manner.

9. Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, such

4

treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities with a method for obtaining redress for claims that it might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

10. Plaintiffs know of no difficulty to be encountered in litigating of this action that would preclude its maintenance as a class action.

WHEREFORE, for the reasons stated herein, and in Plaintiffs' supporting memorandum, Plaintiffs request that this Court enter an Order granting this Motion for Class Certification.

Dated: _____                    Respectfully submitted,


_____                    _____

Dianne M. Nast (24424)                    Marc H. Edelson (51834)
RODA & NAST, P.C                          HOFFMAN & EDELSON
801 Estelle Drive                         45 West Court Street
Lancaster, PA 17601                       Doylestown, PA 18901
(717) 892-3000                            (215) 230-8043
(717) 892-1200 (Fax)                      (215) 230-8735 (Fax)
*(Counsel for Jeanine Michelle Weber,*    *(Counsel for Action Alliance of Senior Citizens of Greater Philadelphia, and Jeanine Michelle Weber)*
*and Charles D. Fredericks, Jr.)*


Anthony J. Bolognese, Esquire             Ira Neil Richards, Esquire
BOLOGNESE AND ASSOCIATES, LLC             TRUJILLO, RODRIGUEZ & RICHARDS, LLC
One Penn Center, Suite 650                The Penthouse
1617 JFK Boulevard                        226 W. Rittenhouse Square
Philadelphia, PA 19103                    Philadelphia, PA 19103
(215) 814-6750                            (215) 731-9004
(215) 814-6764 (Fax)                      (215) 731-9044 (FAX)
*(Counsel for Jeanine Michelle Weber)*    *(Counsel for Jeanine Michelle Weber)*


Jonathan Shub, Esquire                    Kenneth A. Wexler, Esquire
SHELLER, LUDWIG & BADEY                   KENNETH A. WEXLER AND ASSOCIATES
1528 Walnut Street, 3rd Floor             One North LaSalle Street
Philadelphia, PA 19102                    Suite 2000
(215) 790-7300                            Chicago, IL 60602
(215) 546-0942 (Fax)                      (312) 346-2222
*(Counsel for Jeanine Michelle Weber)*    (312) 346-0022 (Fax)
                                          *(Counsel for Jeanine Michelle Weber)*

Daniel Gustafson, Esquire
HEINS MILLS & OLSON, P.C.
608 Second Avenue, South
Minneapolis, MN 55402
(612) 338-4605
(612) 338-4692 (Fax)
*(Counsel for Jeanine Michelle Weber)*

Mary Jane Edelstein Fait
WOLF, HALDENSTEIN, ADLER
FREEMAN & HERZ LLP
656 West Randolph Street
Suite 500W
Chicago, IL 60661
(312) 466-9200
(312) 466-9292 (Fax)
*(Counsel for Charles D. Fredericks, Jr.)*

Robert E. Davy, Jr.
ROBERT E. DAVY, JR. & ASSOCIATES
100 North LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 214-1142
(312) 346-5843 (Fax)
*(Counsel for Charles D. Fredericks, Jr.)*